IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER GUYTON,

    Petitioner,                         No. CIV S-05-0436 DFL DAD P

    vs.

M. McKNOWLES, et al.,           ORDER AND

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner confined in Folsom State Prison. On February 23, 2005, petitioner filed a pro se petition for writ of habeas corpus in the United States District Court for the Northern District of California. On March 4, 2005, the case was transferred to the Eastern District of California because the petition appears to be directed to the manner in which petitioner's sentence is being executed and the district of confinement is the preferable forum for such an action. An in forma pauperis application filed in the Northern District on March 24, 2005, was forwarded to the Eastern District on March 28, 2005.

        In his habeas petition, petitioner states that he is not attacking his sentence and indicates that the facts concerning his conviction and sentence are not applicable to his claims. Attachments to the form petition reveal that petitioner is attacking the manner in which family visiting policies have been applied to him. Petitioner alleges that prison officials have denied

1

him family visits in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. Petitioner seeks an order requiring the California Department of Corrections "to expunge said Family-Visiting Restriction."

Petitioner is informed that a federal court may not entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the petition has been brought "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A state prisoner who seeks to challenge unconstitutional conditions of confinement may attack those conditions in federal court by presenting his claims in a civil rights action brought pursuant to 42 U.S.C. § 1983.

The petition filed in this case does not state a basis for federal habeas corpus relief and should be summarily dismissed without prejudice to the filing of a civil rights action. See Rule 4, Fed. R. Governing § 2254 Cases ("If it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."). Petitioner's application to proceed with this action in forma pauperis will be denied.

The Clerk will be directed to provide petitioner with a civil rights complaint form and the in forma pauperis application used in this district. If petitioner chooses to file a civil rights complaint, his complaint and in forma pauperis application must be submitted for filing as a new action. The case number assigned to this habeas case should not be included on the complaint, as a new case will be opened and a new case number will be assigned by the Clerk.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 28, 2005 application to proceed in forma pauperis is denied;

2. The Clerk of the Court shall provide petitioner with a civil rights complaint form and the in forma pauperis application used in civil rights actions in this district; and

1   IT IS RECOMMENDED that this action be summarily dismissed, without prejudice to the filing of a civil rights action, because it plainly appears from the face of the habeas petition that petitioner is not entitled to federal habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
guyt0436.156