IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER GUYTON,

        Petitioner,               No. CIV S-05-0436 DFL DAD P

    vs.

M. McKNOWLES, et al.,

        Respondents.       <u>ORDER</u>

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus challenging the manner in which family visiting policies have been applied to him by prison officials.  In findings and recommendations filed May 25, 2005, the undersigned has recommended that this habeas corpus action be summarily dismissed without prejudice to the filing of a civil rights action.  Petitioner has filed a document titled "Notice of Motion to Dismiss This Above Petition Without Prejudice Pursuant to F.R.Civ.P. § 41(a) and So Stipulate Per Local Rule § 141(b)."

      Petitioner requests dismissal without prejudice and "permission to re-submit new filing under the same No.#."  Petitioner asks the court to consider whether his allegations about the family visiting policies would constitute "jurisdiction to process said allegation in a federal habeas corpus" if he were to attack his conviction of spousal abuse on the ground that he would

1

not have entered a plea of guilty if he had known that the conviction would result in the denial of

family visits in state prison.  Petitioner asks the court to allow him "to use the same case No.# on

return."

The court expresses no opinion on the merits of petitioner's legal theory but finds

that petitioner has demonstrated no basis for dismissal of this action with permission to proceed

in this case at a later time.  In the habeas petition that was filed in the United States District Court

for the Northern District of California on February 23, 2005, and transferred to this court on

March 4, 2005, petitioner indicates that he was charged with corporal injury on his spouse and

"submitted to a plea bargain" in Los Angeles County in 1996.  He received a suspended jail

sentence and probation.  Petitioner states that he is "now incarcerated  for other charges."

As a general rule, a federal habeas corpus petitioner must be "in custody" pursuant

to the particular conviction under attack at the time he files his habeas petition.  Carafas v.

LaVallee, 391 U.S. 234, 238 (1968).  It is unlikely that the petitioner in this case can proceed in

any federal court on a claim attacking his 1996 conviction if the sentence imposed for that

conviction had completely expired before this case was filed.  Moreover, a federal habeas

petition seeking relief from a Los Angeles County conviction must be filed in the United States

District Court for the Central District of California.[1]  Petitioner cannot be granted permission to

"return" to this court to reopen an improperly filed habeas case and attack a fully expired

conviction that was not imposed in this district.

/////

[1]  State prisoners must exhaust state court remedies before presenting their claims to the
federal courts.  See 28 U.S.C. § 2254(b)(1).  A one-year statute of limitations applies to federal
habeas petitions filed by state prisoners; the one-year period usually commences on the date on
which the prisoner's state court judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).  If a state prisoner has
previously challenged a criminal conviction in the federal courts, he may not file a second or
successive federal habeas petition attacking the same conviction unless he meets the requirements
of 28 U.S.C. § 2244(b) and the Ninth Circuit Court of Appeals authorizes him to file such a petition
in the district court.

1           Pursuant to an extension of time granted on June 8, 2005, petitioner's objections

2     to the May 25, 2005 findings and recommendations are due on July 5, 2005.

3           IT IS HEREBY ORDERED that petitioner's June 13, 2005 motion to dismiss is

4     denied.

5     DATED: June 17, 2005.

6

7                                             DALE A. DROZD

8     DAD:13                                 UNITED STATES MAGISTRATE JUDGE

     guyt0436.mot

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26